**UNITED STATES of America,**
**Plaintiff–Appellee,**

v.

**Eric Daniel SCROGGINS,**
**Defendant–Appellant.**

**No. 06–50132.**

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted July 11, 2007.

Filed Aug. 1, 2007.

Daniel Scott Goodman, Esq., Becky S. Walker, Esq., Susan J. Dewitt, Esq., USLA—Office of the U.S. Attorney Criminal Division, Los Angeles, CA, for Plaintiff–Appellee.

Steven S. Lubliner, Esq., Law Offices of Steven S. Lubliner, Petaluma, CA, for Defendant–Appellant.

Before: KOZINSKI, KLEINFELD, and TALLMAN, Circuit Judges.

MEMORANDUM *

Eric Scroggins's due process right to confrontation was not violated when the district court revoked his supervised release after considering the evidence at the contested hearing.

The non-hearsay evidence established that Scroggins had violated the terms of his supervised release by carrying a firearm. *See United States v. Hall,* 419 F.3d 980, 986 (9th Cir.2005) (holding that hearsay evidence could not have significantly affected the court's ultimate finding because "[t]he non-hearsay evidence at the hearing was substantial and sufficient to conclusively prove the ... charge"); *see also United States v. Comito,* 177 F.3d 1166, 1170–73 (9th Cir.1999) (applying a

* This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

harmless beyond a reasonable doubt analysis to a violation of the right to confrontation protected by the due process clause). LAPD Officer Coats saw Scroggins run from the vehicle she had stopped—holding a bulge in his waistline and wearing a blue baseball cap. Officer Coats testified that Scroggins ran toward the Hyde residence, and police officers found a blue baseball cap and handgun in Hyde's yard. Moreover, Officer Coats testified that Scroggins was not wearing this blue baseball cap at the time of his arrest.

**AFFIRMED.**

---

* This panel unanimously finds this case suitable for decision without oral argument. *See* . Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.